IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Lewis, | ) | C. A. No. 2:10-0861-JMC-RSC |
| Plaintiff, | ) ) ) | |
| -versus- | ) ) | **REPORT AND RECOMMENDATION** |
| Beaufort Court, Beaufort County Sheriff's Office and J. Hoyt, Faith Lingard, South Carolina Department of Motor Vehicles, and Latonia Washington, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This case was removed to the United States District Court for the District of South Carolina by counsel for Defendant, Beaufort County, asserting "[T]he complaint alleges claims of constitution violations brought under 42 U.S.C. §1983." Docket 1 ¶ 1. Thereafter from April 7, 2010, until April 9, 2010, a flurry of motions followed:

> Docket # 3: Rule 12 Motion to Dismiss by Defendant Beaufort County
>
> Docket # 6: Rule 12 Motion to Dismiss by Defendant Beaufort County Sheriff's Department
>
> Docket # 8: Rule 12 Motion to Dismiss by Defendant Hoyt
>
> Docket # 10: Rule 12 Motion to Dismiss by Defendant South Carolina Department of Motor Vehicles (SCDMV)

1

On June 10, 2010, a Report and Recommendation was filed recommending dismissal of this action for failure to prosecute because the plaintiff had not responded to any of the pending motions.

Thereafter on June 11, 2010, motions to dismiss were filed by Defendants Linguard and Washington. Docket #'s 14, 15 & 17.

On August 10, 2010, the plaintiff filed a motion seeking an extension of time to file responses to all motions and to file Objections to the pending Report and Recommendation. Docket # 21. On August 26, 2010, the plaintiff was granted an additional sixty days in which to object to the Report an Recommendation and respond to the motions to dismiss. Docket # 30.

On October 25, 2010, the plaintiff filed a "Return to Motions to Dismiss." Docket # 31. In this return the plaintiff, "concedes that Beaufort County should be dismissed as a Defendant." Docket # 31, ¶ 1. The plaintiff also "concedes that Faith Linguard and Latonia Washington have not been served at the present time and their names should be stricken from the caption of the case." Docket # 31, ¶ 3. Further the plaintiff "concedes that 42 USC § 1983 is not applicable to any of the Defendants in this action." Docket # 31, ¶ 2.

The plaintiff concludes his "Return," stating, that in light of the dismissal of the named defendants, the constitutional issues raised in this action are dismissed, and ". . .this Court

2

would be divested of its jurisdiction and it would be proper to grant the plaintiff leave to file his First Amended Complaint that raises no federal questions and remand this case back to the State Court." Docket # 31, Conclusion. The plaintiff also moved to "Amend/Correct" the complaint, Docket # 32 and to remand, Docket # 34.

Not surprisingly the defendants filed opposition to the motion to amend and the motion to remand. Docket #'s 35, 36 and 38. The plaintiff filed a response to the replies on November 4, 2010. Docket # 38.

This matter is now ripe.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court *only* if the state court action could have been originally filed in a federal district court. See, 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); Bellone v. Roxbury Homes, Inc., 748 F.Supp. 434, 436 (W.D. Va.

1990). A district court must first look at the plaintiff's complaint filed in a state court to determine if "federal question" jurisdiction is present. See, Lyon v. Centimark Corp., 805 F. Supp. 333, 334 (E.D.N.C. 1992). District courts are authorized to disregard characterizations of the parties to avoid "unjust manipulation or avoidance of its jurisdiction." Id., 805 F.Supp. at 334-35.

Keeping the above-stated legal principles in mind, it is clear that this case was properly removed. The first paragraph of the plaintiff's state court complaint alleges, "This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the federal law, particularly 42 U.S.C. § 1983." (Docket # 1, Attachment 1, p.3). It would be hard to draft a clearer statement of a federal question.

Turning to the individual defendants, the plaintiff admits that defendants Faith Linguard and Latonia Washington have not been served at the present time and their names should be stricken from the caption of the case. The plaintiff also consents to the defendant Beaufort County's motion to dismiss which was made on the grounds that the actions of the sheriff are not attributable to the county.

Accordingly the only remaining defendants are Defendants South Carolina Department of Motor Vehicles, Beaufort County Sherriff's Department and J. Hoyt.

On June 11, 2010, the plaintiff moved to "amend/correct" his complaint so as, "1) to remove all causes of action brought under 42 USC § 1983 and the various United States Constitution Amendments, 2) to change the caption of the case as the Plaintiff would be represented by a Guardian ad Litem and 3) to add additional State causes of action." (Docket # 32). This motion was accompanied by a motion to remand the action to state court because the plaintiff agreed with the defendant's assertion "that the Eleventh Amendment grants to a state and its agencies immunity from suit in Federal Court by a citizen. With the removal/dismissal of the cause of action brought by the Plaintiff under USC § 1983 their (sic) would be no remaining constitutional question to invoke the jurisdiction of this Court." (Docket # 34).

The defendants oppose the motion to remand (Docket # 36) and the motion to amend/correct. The opposition to the motion to amend or correct and the motion to remand are identical, brief and to the point: "[t]he plaintiff had no authorization from the court" to amend his complaint or move for remand. (Docket #'s 35 & 36).

Despite the multitude of motions and pleadings, the parties pleadings are of little help to the court.

First with regard to the motion to "amend/correct". Rule 15 of the Federal Rules of Civil Procedures governs and provides, in pertintent part, as follows:

> Rule 15. Amended and Supplemental Pleadings
> (a) AMENDMENTS BEFORE TRIAL.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Rule 15, Federal Rules of Civil Procedure.

In the current instance, the plaintiff's motion fails because it is without the consent of the opposing party and includes no reason why the court should grant the amendment or any indication that justice would require the amendment. It appears that the motion to amend is nothing more than an effort to manipulate this court's jurisdiction and obtain remand of this action to state court.

Turning to the motion to remand, 28 U.S.C. § 1447-49 controls. Section 1447(c) provides two differnt time limits on motions to remand. The first is within thirty days of the removal. However, if the basis of seeking the remand is an allegation of lack of jurisdiction by the court, the motion may be made at anytime prior to final judgment. In fact if the court becomes aware of a lack of jurisdiction prior to final judgment, it may order remand on its own motion. Additionally, if a case was removed without a jurisdictional basis, the court must remand the action and has no authority to dismiss the action.

Here inasmuch as the plaintiff's motion is based upon a lack of jurisdiction arising from his unapproved motion to amend, and since this court clearly had jurisdiction of this action at the time it was removed to this court[1], the motion to remand must fail.

Thus the court is left with the original motions to dismiss on behalf of defendants South Carolina Department of Motor Vehicles, Beaufort County Sheriff's Office and Defendant Hoyt (Docket #'s 6 & 8).

The Defendant Beaufort County Sheriff's Office asserts that this action should be dismissed because the Sheriff's Office is not an entity amenable to suit, that the action is untimlely,

---

[1] The presence or absence of federal jurisdiction in federal question based removals is determined at the time the removal petition is filed. 28 U.S.C. § 1441.

7

that it is filed outside of the three year statute of limitations for civil rights actions. Defendant Hoyt argues that he is not amenable to suit in his official capacity and is entitled to qualified immunity with regard to any claims against him in his individual capacity. The South Carolina Department of Motor Vehicles asserts that the complaint fails to state a cause of action as to it.

The plaintiff in response to these motions concedes[2] that 42 U.S.C. § 1983 is inapplicable to the South Carolina Department of Motor Vehicles, Beaufort County Sheriff's Office and Defendant J. Hoyt. (Docket # 31).

Accordingly the motion to dismiss as to the Defendants Beaufort County Sheriff's Office, Defendant Hoyt and the South Carolina Department of Motor Vehicles should be granted as to claims under 42 U.S.C. § 1983.

The only remaining claims are under state law. This court may exercise supplemental jurisdiction over state law claims brought in conjunction with federal claims even though those state law claims could not have been brought by themselves. 28 U.S.C. § 1367. However 28 U.S.C. § 1367(c) gives the courts substantial discretion to refuse to hear supplemental claims. One of the most common instances in which the court declines to

---

[2] Apparently the plaintiff takes this position in an effort to remove any basis for this court's jurisdiction. However that is not expressed and leaves open the possibility of other reasons.

8

hear supplemental claims is the instance in which the original federal claims have been dismissed. In such a case the supplemental claims are dismissed without prejudice. Therefore it is recommended the court dismiss the supplemental claims herein without prejudice.[3]

Accordingly, for the above stated reasons, It Is Recomended:

That the plaintiff's motion to correct/amend be denied as unauthorized by Rule 15 of the Federal Rules of Civil Procedure

That the Plaintiff's motion to remand for lack of subject matter jurisdiction be denied[4],

---

[3] The posture in which the parties have placed this case makes the court's decision problematic. If the court were to dismiss the federal claims as without jurisdiction, it would be required to dismiss the supplemental claims. Arbaugh v Y&H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1244, 163 L.Ed. 2fd 1097 (2006). But see Eastman v. Marine Mechanical Corp., 438 F3d 544, 551 (6th Cir.) ( A contrary result may lie when there is an amendment following remand). If as here the court dismisses the federal claims on the merits, that is the admission of the plaintiff that there is no viable 1983 claim, dismissal of the supplemental claims would be precatory.

The plaintiff may also be concerned about a statute of limitations issue if this case is dismissed and a new case is required to be filed in state court. However the pleadings indicate that statute of limitations of the state claims is already in issue and must be resolved by some court. The issue in either court will be the date on which the statute started to run, and if the plaintiff's arguments are meritorious, he will succeed in either court. In any event the state is in a better position than this court to decide these state issues.

[4] Motions to amend and to remand are clearly nondispositive matters subject to an Order by a Magistrate Judge, however since these issues are so wrapped up with dispositive matters in this instance, a Report and Recommendation is made as to all issues. See, e.g., Meier v. Premier Wine & Spirits, Inc., 371 F.Supp.2d 239 (E.D. N.Y. 2005); Johnson v. Wyeth, 313 F.Supp.2d 1272 (N.D. Ala. 2004)(collecting cases and discussing Roell v. Withrow, 538 U.S.

That the claims herein as to defendants Beaufort County, Faith Lingard and Latonia Washington be dismissed for lack of jurisdiction,

That the claims under 42 U.S.C. § 1983 against the South Carolina Department of Motor Vehicles, Beaufort County Sheriff's Office and J. Hoyt be dismissed on the stipulation of the parties, and

That this court decline to exercise supplemental jurisdiction as to the remaining state claims and therefore they are dismissed without prejudice.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

November 30, 2010

---

580 (2003)); Wyatt v. Walt Disney World, Co., No. 5:97CV116-V, 1999 WL 33117255 (W.D. N.C. July 26, 1999); see, Delta Dental of R.I. v. Blue Cross & Blue Shield of R.I., 942 F.Supp. 740 (D. R.I. 1996); Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc., 844 F.Supp. 1156, 1160-63 (S.D. Tex. 1994); Holt v. Tonawanda Coke Corp., 802 F.Supp. 866, 868 (W.D. N.Y. 1991); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D. Miss. 1993); McDonough v. Blue Cross of NE Penn., 131 F.R.D. 467 (W.D. Pa. 1990); see also Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2003), cert.denied, 541 U.S. 987 (2004) (unpublished, but finding that a magistrate judge's remand order is not reviewable by the appellate court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).